UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANNY H. BRANDT, | ) |
| | ) |
| Plaintiff, | ) CASE NO.   C07-942-RSL-JPD |
| | ) |
| v. | ) |
| | ) |
| JOSEPH LEHMAN, *et al*., | ) ORDER RE: PENDING MOTIONS |
| | ) |
| Defendants. | ) |

This is a civil rights action brought under 42 U.S.C. § 1983. On the same date as this Order, this Court issued a Report and Recommendation recommending that defendant Miller's motion to dismiss be granted and that this action be dismissed as to defendant Miller because it was filed outside the applicable statute of limitations. A series of additional motions remain pending on this Court's calendar and will now be addressed. This Court has reviewed each of the pending motions, and does hereby find and ORDER as follows:

(1) Plaintiff's motions for sanctions (Dkt. Nos. 14 and 23) are DENIED. Plaintiff asserts in his motions for sanctions that defendants made misrepresentations in their motion to dismiss regarding plaintiff's failure to exhaust his administrative remedies. Plaintiff maintains that these same misrepresentations were made in the sworn declaration of Devon Schrum which was attached to the

ORDER RE: PENDING MOTIONS
PAGE - 1

1   motion to dismiss.  Plaintiff seeks to recover the costs of having to respond to the false statements.

2   　　　　　The Court notes that it has never received Devon Schrum's declaration and therefore cannot
3   evaluate any of the statements made therein.  The Court has, however, reviewed defendant Miller's
4   motion to dismiss and did find in that document one statement which appears to be incorrect.
5   Contained in defendant Miller's motion to dismiss is a statement that plaintiff failed to appeal a
6   decision of the grievance coordinator that a complaint regarding the state's failure to establish a
7   smoking awareness program with money received by the Department of Corrections from a settlement
8   with tobacco companies was not grievable.  (*See* Dkt. No. 11 at 2-3.)  In fact, plaintiff provides
9   documentation in support of his response to defendants' motion to dismiss which appears to show that
10  he did file such an appeal.  (*See* Dkt. No. 15, Attachment B.)  Defendant, in her response to plaintiff's
11  motion for sanctions, appears to acknowledge that plaintiff filed such an appeal.  (*See* Dkt. No. 19.)
12  Because it appears that the challenged statement was corrected and/or clarified by counsel for
13  defendant once it was brought to counsel's attention, sanctions are not warranted.  *See* Fed. R. Civ. P.
14  11(c)(1)(A).

15  　　　　　(2)   Plaintiff's motion for leave to amend his complaint (Dkt. No. 16) is DENIED.  Plaintiff
16  asserts in the instant motion that he has failed to correctly state the elements of his § 1983 claim and
17  he seeks leave of court to amend his complaint to correct this deficiency.  However, this Court has
18  concluded that plaintiff's complaint is barred by the statute of limitations.  None of plaintiff's proposed
19  amendments would alter that conclusion.  Accordingly, it would serve no purpose to permit plaintiff to
20  amend at this juncture.

21  　　　　　(3)   Plaintiff's motion for a continuance of the hearing date for defendant's motion to
22  dismiss and plaintiff's motion for sanctions (Dkt. No. 22) is STRICKEN.  Plaintiff has filed two
23  motions for sanctions in this action.  Defendant, in response to plaintiff's initial motion for sanctions,
24  argued that the motion was not properly filed.  Plaintiff, in his motion for continuance, agrees that his

25  
    ORDER RE: PENDING MOTIONS
26  PAGE - 2

1  original motion for sanctions was not properly filed and he seeks a continuance to allow him time to

2  file a proper motion for sanctions.  He also seeks a continuance in the hearing date for defendant's

3  motion to dismiss because the issues in his motion for sanctions and in defendant's motion to dismiss

4  overlap.  Plaintiff filed his second motion for sanctions on November 13, 2007, and the Court has now

5  ruled on that motion.  Plaintiff's request for a continuance is therefore moot.

6       (4)    The Clerk shall send copies of this Order to plaintiff, to counsel for defendants, and to

7  the Honorable Robert S. Lasnik.

8       DATED this 10th day of December, 2007.

9

10  *[signature: James P. Donohue]*
JAMES P. DONOHUE
United States Magistrate Judge

ORDER RE: PENDING MOTIONS
PAGE - 3