UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANNY H. BRANDT,<br><br>             Plaintiff,<br><br>        v.<br><br>JOSEPH LEHMAN, *et al.*,<br><br>             Defendant. | Case No.  C07-942RSL<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

The Court, having reviewed plaintiff's complaint (Dkt. #4), defendant Miller's motion to dismiss this action (Dkt. #11), the Report and Recommendation (Dkt. #29) of the Honorable James P. Donohue, United States Magistrate Judge, plaintiff's objections to the Report and Recommendation (Dkt. #31), defendant's response to plaintiff's objections (Dkt. # 32), and the remaining record, does hereby find and ORDER:

(1)  The Court adopts the Report and Recommendation.

(2)  For the reasons set forth in the Report and Recommendation, the Court finds that, as regards defendant Miller, plaintiff's complaint fails to state a claim upon which relief can be granted.  In his objection to the Report and Recommendation, plaintiff cites <u>Justice v. United States</u>, 6 F.3d 1474 (11th Cir. 1993), for the proposition that dismissal with prejudice is a sanction of last resort.  Dkt. #31 at 3. Plaintiff hopes to avoid a dismissal with prejudice so that he can include defendant

ORDER DISMISSING CASE                          1

Miller in another action now pending before the Honorable James L. Robart. See Dkt. #31 at 2-3. As the Eleventh Circuit Court of Appeals stated in Justice, however, "a generally diligent plaintiff who files late because of his own negligence" cannot "invoke equity to avoid" dismissal with prejudice due to the running of the statute of limitations. Justice, 6 F.3d at 1479-80. The Ninth Circuit has similarly refused to invoke equitable tolling in cases where the claimant failed "to exercise due diligence in preserving his legal rights." Scholar v. Pacific Bell, 963 F.2d 264, 267-68 (1992). Neither the facts nor the equities of this case justify dismissal without prejudice. Plaintiff did not exercise the requisite due diligence (Dkt. #29 at 4), and enforcement of the statute of limitations will prevent surprise to defendant and relieve the Court of trying stale claims "when a plaintiff has slept on his rights" (Justice, 6 F.3d at 1479 (quoting Burnett v. New York Central R. Co., 380 U.S. 424, 428 (1965))).

(3) Plaintiff's objection to the Report and Recommendation also seeks reconsideration of Magistrate Judge Donahue's denial of plaintiff's motions for sanctions. Dkt. #31 at 3-7. An objection to a magistrate judge's order on nondispositive matters, such as plaintiff's motion for sanctions, must be filed within ten days after being served with a copy of the order. See Fed. R. Civ. P. 72(a). Magistrate Judge Donahue's order was served on December 10, 2007, and plaintiff's objection was not filed until January 2, 2008. Accordingly, plaintiff's motion to reconsider is DENIED as untimely.

(4) For all of the foregoing reasons, the motion to dismiss (Dkt. #11) is GRANTED, and this action is DISMISSED, with prejudice, as to defendant Miller. The Clerk of Court is directed to enter judgment accordingly and to count this as a dismissal under **28 U.S.C. § 1915(g)**.

(5) The Clerk shall send copies of this Order to plaintiff, to counsel for defendants, and to Magistrate Judge Donohue.

ORDER DISMISSING CASE                                              2

Dated this 4th day of February, 2008.

/s/ Robert S. Lasnik

Robert S. Lasnik
United States District Judge

ORDER DISMISSING CASE 3